# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 7, 2020

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| HERMAN HOGGE, JR, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 18-304V |
| | \* | |
| v. | \* | Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Petitioner's Motion for Decision Dismissing |
| AND HUMAN SERVICES, | \* | His Petition; Influenza ("Flu") Vaccine; |
| | \* | Guillain-Barré Syndrome ("GBS"). |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

Alison H. Haskins, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On February 28, 2018, Herman Hogge, Jr. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that as a result of receiving an influenza ("flu") vaccination administered on October 13, 2016, he suffered from Guillain-Barré syndrome ("GBS"). Petition at 1-2. The information in the record, however, does not show entitlement to an award under the Program.

On April 6, 2020, petitioner moved for a decision dismissing his case, stating that "[p]etitioner has filed all evidence [p]etitioner believes is relevant to this matter and does not intend to file further evidence in support of [p]etitioner's case. Petitioner waives the right to any

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

hearing or further proceedings in this matter.  Petitioner moves for a decision denying compensation." Petitioner's Motion for Decision Denying Compensation at ¶¶ 1-3.  Petitioner states that he understands that a decision by the Special Master will result in a judgment against him, and that he has been advised that such a judgment will end all of his rights under the Vaccine Act.  Id. at ¶ 4.  Petitioner states that he understands that he may apply for costs once his case is dismissed and judgment is entered against him and that respondent expressly reserves the right to question good faith and reasonable basis of his claim and oppose his application for cost if appropriate.  Id. at ¶ 5, 7.  Additionally, petitioner intends to protect his right to file a civil action, and pursuant to the Act, he intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action.  Id. at ¶ 6.

To receive compensation under the Program, petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by the vaccination.  See §§ 13(a)(1)(A) and 11(c)(1).  The records submitted by petitioner show that he does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation.  The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Human Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation.  **Thus, this case is dismissed.  The Clerk of Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master