# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed:  October 21, 2020)

```
* * * * * * * * * * * * *
HERMAN HOGGE, JR,              *        UNPUBLISHED
                              *        No. 18-304V
           Petitioner,        *
                              *        Special Master Dorsey
v.                            *
                              *        Attorneys' Fees and Costs
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
           Respondent.        *
* * * * * * * * * * * * *
```

Alison H. Haskins, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
Camille M. Collett, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 28, 2018, Herman Hogge, Jr. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] ("Vaccine Act"). Petitioner alleged that as a result of an influenza vaccination administered on October 13, 2016, he suffered from Guillain-Barré syndrome. Petition at 1 (ECF No. 1). On April 6, 2020, petitioner filed a motion to dismiss in petition and on April 7, 2020, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 41).

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On June 30, 2020, petitioner filed an application for attorneys' fees and costs.  Motion for Attorney Fees and Costs (ECF No. 45).  Petitioner requests compensation in the amount of $61,055.86, representing $55,160.40 in attorneys' fees and $5,895.46 in attorneys' costs. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner states he has personally incurred $18.49 in costs. Id. Respondent filed his response on July 15, 2020 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 46). Petitioner filed a reply on July 15, 2020, reiterating his belief that the requested amount of attorneys' fees and costs is reasonable. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $61,074.35.

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  In this case, although the petition was eventually dismissed, the undersigned does not doubt the petition was filed in good faith or that there was a reasonable basis to file it. Respondent also has not challenged reasonable basis. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond. *See* <u>Sabella v. Sec'y of Health & Human Servs.</u>, 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. <u>Broekelschen v. Sec'y of Health & Human Servs.</u>, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. <u>Wasson v. Sec'y of Health and Human Servs.</u>, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." <u>Saxton</u>, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel, Ms. Alison Haskins: $369.00 per hour for work performed in 2018, $387.00 per hour for work performed in 2019, and $414.00 per hour for work performed in 2020. These rates are consistent with what Ms. Haskins has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein.

### ii.     Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is awarded final attorneys' fees of $55,160.40.

### b.   Attorneys' Costs

Petitioner requests a total of $5,895.46 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, travel costs to meet with petitioner, and retainers paid for expert review of medical records. Upon review, petitioner has provided adequate documentation supporting these costs, and they all appear reasonable in the undersigned's experience. Accordingly, petitioner is entitled to the full amount of costs sought.

### c.   Petitioner's Costs

Pursuant to General Order No. 9, petitioner states that he has personally incurred costs of $18.49 in pursuit of this litigation. These costs are for medical records. Petitioner has provided adequate documentation supporting these costs and the undersigned finds them to be reasonable.

### II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $55,160.40 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$55,160.40** |
| | |
| Attorneys' Costs Requested | $5,895.46 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$5,895.46** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$61,055.86** |
| | |
| **Petitioner's Costs** | **$18.49** |
| | |
| **Total Amount Awarded** | **$61,074.35** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $61,055.86, representing attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ms. Alison Haskins; and**

2) **a lump sum in the amount of $18.49, representing petitioner's costs, in the form of a check payable to petitioner.**

Both checks should be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

    **IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.